**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALI QASEM SALEH ASAAD, | No. 11-72403 |
| Petitioner, | Agency No. A096-169-887 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015**

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Ali Qasem Saleh Asaad, a native and citizen of Yemen, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings based on ineffective assistance of counsel.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a motion to reopen and review de novo questions of law. *Mohammed v.Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Asaad's second motion to reopen as time- and number-barred, where Asaad filed the motion more than five years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and did not establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances).

Asaad's contentions that the BIA failed to consider all relevant evidence or to provide sufficient reasoning for its conclusions are not supported by the record. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (the BIA is not required to "discuss each piece of evidence submitted"); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

11-72403

In his opening brief, Asaad fails to raise, and therefore has waived, any contention that his lack of diligence with respect to his first untimely motion to reopen was attributable to his first attorney. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief).

**PETITION FOR REVIEW DENIED.**